UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
ROBERT KIRSCH
UNITED STATES DISTRICT
JUDGE

CLARKSON S. FISHER
FEDERAL COURTHOUSE
402 EAST STATE STREET,
TRENTON, NJ 08608

July 2, 2024

LETTER OPINION AND ORDER

Re:   USA v. VANDERBECK
      3:15-cr-00165-RK-1

Dear Mr. Vanderbeck:

The Court is in receipt of your repeated letters to the Court.

On April 8, 2016, Erik Vanderbeck ("Vanderbeck") was found guilty in a jury trial of (1) two counts of production of child pornography; (2) one count of distribution of child pornography; and (3) one count of possession of child pornography. (ECF No. 45.) On September 19, 2016, the Honorable Freda L. Wolfson, Chief U.S.D.J. (ret.) sentenced Vanderbeck to 264 months in prison, with his sentence for each count to be served concurrently. (ECF No. 56.)

Vanderbeck appealed his case to the Third Circuit Court of Appeals. (ECF No. 52.) The Third Circuit affirmed the judgment and sentence on July 21, 2017. (ECF No. 59, at 2.)

Thereafter, on March 23, 2018, Vanderbeck filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (*See Vanderbeck v. United States of America*, Case No. 18-4144, ECF No. 1 (D.N.J.).) In a comprehensive 16-page decision, Chief Judge Wolfson denied Vanderbeck's motion on October 1, 2019. (*Id.*, ECF Nos. 11–12.)

Following the denial of his § 2255 motion, Vanderbeck began sending, and indeed continues to send, a flurry of letters to the Court. As of the date of this order, the Court has received 42 letters from Vanderbeck. (ECF Nos. 60–98, 100–01, 106–07.) In these letters, Vanderbeck repeatedly demands that Chief Judge Wolfson provide an email, that was apparently discussed at trial, in which Vanderbeck unlawfully solicited one of his minor victims. (*See, e.g.*, ECF No. 61, 72, 80, 91.) On February 20, 2024, Vanderbeck filed a Petition for a Writ of Mandamus, in which Vanderbeck attempted to compel production of evidence related to his solicitation of minors and set aside his conviction. (ECF No. 103.) On April 26, 2024, the Third Circuit denied Vanderbeck's Petition. (*See In re: Erik Vanderbeck*, Case No. 24-1318, ECF Nos. 7, 9 (3rd Cir.).)

On January 29, 2024, Vanderbeck filed a Motion to Appoint Counsel, (ECF No. 102), and on May 10, 2024, Vanderbeck filed a Motion for a Certificate of Appealability, apparently attempting to

appeal the denial of his Petition for Writ of Mandamus. (ECF No. 105.) Since filing the Motion for a Certificate of Appealability, Vanderbeck has sent two more letters asking for a response and continuing to demand production of evidence. (ECF Nos. 106–07.)

At the outset, the Court notes that Vanderbeck is representing himself *pro se*. (ECF No. 60.) While procedural rules must be applied "flexibl[y]" to *pro se* litigants, *pro se* litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

The Court will first address Vanderbeck's letters. Concerning Vanderbeck's demands for the Court to produce an email discussed at trial, this request is without merit. Vanderbeck is seeking information that the Court does not have. Moreover, the Court will not direct the prosecution to reproduce what appears to be inculpatory evidence that had to have been disclosed during the pretrial discovery phase.[1]

Moreover, it appears that the essence of Vanderbeck's letters is simply complaining about the judgment against him. *See Chipps v. U.S.D.C. for the M.D. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989) (affirming district court's characterization of litigant "complaining about the courts and judges who ruled against him" as "'clearly frivolous'"). Vanderbeck's sentencing, which the Third Circuit affirmed, closed this case. *See United States v. Rodriguez*, 855 F.3d 526, 531 (3d Cir. 2017), as amended (May 1, 2017) (explaining that sentencing judgments as well as their appeals close criminal cases). There is no further relief this Court can afford. Vanderbeck's attempt to challenge his conviction through sheer volume of letters will not alter the judgment in this case.

In addition to his serial letters, Vanderbeck has filed a Motion to Appoint Counsel and a Motion to Grant a Certificate of Appealability. (ECF Nos. 102, 105.) The Court will address each in turn.

Pursuant to 18 U.S.C. § 3006A, legal representation may be provided to a person "seeking relief under section 2241, 2254, or 2255 of title 28" if the Court determines that "the interests of justice so require." 18 U.S.C. § 3006A(2); *see also Martel v. Clair*, 565 U.S. 648, 661 (2012) (articulating that the standard under § 3006A is the "interests of justice"). In determining whether to grant a petitioner's request to be appointed counsel, the court must first decide if petitioner has presented a nonfrivolous claim and if appointment of counsel will benefit both the petitioner and the court. *Reese v. Fulcomer*, 946 F.2d 247, 264 (3d Cir. 1991) *superseded on other grounds by statute* 28 U.S.C. § 2254(d).

---

[1] To the extent that Vanderbeck contends that the email used to solicit a minor victim does not exist, thus violating the *Brady* doctrine and proving his innocence, (*see, e.g.*, ECF No. 67), the Third Circuit has already addressed the plethora of evidence adduced against Vanderbeck and affirmed his conviction accordingly, (ECF No. 59). Moreover, Vanderbeck's invocation of the *Brady* doctrine is baseless, as the email in which Vanderbeck apparently solicited a minor victim is not favorable to the accused or material to Vanderbeck's defense, and the jury has already found the minor victim's testimony as to Vanderbeck's solicitation via email to be credible. *See Skinner v. Switzer*, 562 U.S. 521, 536 (2011) (describing the elements of a *Brady* violation).

In his Motion, Vanderbeck seeks assistance of counsel for a § 2255 motion, a § 2241 motion, direct appeal, evidentiary hearing, and "to obtain evidence in my conviction of production of child pornography." Each of Vanderbeck's requests is meritless. As noted above, Vanderbeck's Motion under § 2255 was already denied. (*Vanderbeck v. United States of America*, Case No. 18-4144, ECF No. 12.) His attempt to seek a writ of habeas corpus under § 2241 is meritless because relief under § 2241 is available only in cases where the petitioner would have no other means of having his claim heard. Here, Vanderbeck already had an earlier opportunity to appeal his conviction. *See United States v. Brooks,* 230 F.3d 643, 648 (3d Cir. 2000), *reh'g denied*, 245 F.3d 291 (3d Cir. 2001). Given that Vanderbeck's sentence was affirmed by the Third Circuit, and his § 2255 motion denied, the record demonstrates that Vanderbeck is not entitled to relief, and his request for an evidentiary hearing is therefore meritless. *See United States v. Booth,* 432 F.3d 542, 545–46 (3d Cir. 2005). For the reasons discussed above with respect to Vanderbeck's repeated letters, the Court finds that his attempts to "obtain evidence" related to his conviction are fruitless. Accordingly, the Court finds that appointing counsel in this case is not in the interest of justice, and thus, Vanderbeck's Motion to Appoint Counsel, (ECF No. 102), is **DENIED**.

Turning to Vanderbeck's Motion for a Certificate of Appealability, 28 U.S.C. § 2253(c)(1) provides that "an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255 . . . [u]nless a circuit justice or judge issues a certificate of appealability . . . ." 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). Vanderbeck has not made such a showing. Vanderbeck attempts to re-litigate the issue of whether he was properly given a *Miranda* warning, (ECF No. 105 at *3)—an argument that the Third Circuit has already rejected, (ECF No. 59-1 at 8). And as discussed above, there is no *Brady* violation alleged. (ECF No. 105 at *2.) Furthermore, no reasonable jurist would find that there are constitutional issues presented in Vanderbeck's Motion that are adequate to proceed further. Thus, Vanderbeck's Motion for Certificate of Appealability, (ECF No. 105), is also **DENIED**.

The Court reiterates that this case is closed. There is no further action that the Court can take, and no additional letters will be considered. *See Perry v. Gold & Laine, P.C.,* 371 F. Supp. 2d 622, 631 (D.N.J. 2005) (explaining the "inherent power" of the district court to protect against "oppressive and frivolous litigation"). To that end, the Court hereby gives notice to Vanderbeck that, should he continue to file frivolous letters and motions on the current docket, the Court will consider issuing a pre-filing injunction order.

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

3